IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DA VANG,

                                                OPINION AND ORDER

                Plaintiff,

                                                11-cv-150-slc[1]

       v.

MICHAEL HOOVER,
Judge for the Wisconsin Court of Appeals,
District 3, in his individual and official capacities,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Da Vang has filed a proposed complaint under 42 U.S.C. § 1983 in which he contends that defendant Michael Hoover, a judge on the Wisconsin Court of Appeals, violated plaintiff's rights under the due process clause, the Sixth Amendment and state law when he decided matters on plaintiff's criminal appeal despite an earlier determination to recuse himself from the case.  Plaintiff seeks $11,000,000 in damages.

      Plaintiff has made an initial partial payment in accordance with 28 U.S.C. § 1915(b)(1).  Because plaintiff is a prisoner, I must screen his complaint to determine

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

1

whether it is legally frivolous or malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A.

Having reviewed the complaint, I conclude that I must dismiss it because defendant is immune from suit. Under both federal and state law, judges cannot be sued for acts taken in their capacity as a judge. Mireles v. Waco, 502 U.S. 9 (1991); Abdella v. Catlin, 79 Wis. 2d 270, 279, 255 N.W.2d 516, 521 (1977). The principle of judicial immunity recognizes that "[a]lthough unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Mireles, 502 U.S. at 10.

Plaintiff says in his complaint that defendant "lack[ed] jurisdiction over the case," Cpt. ¶ 32, dkt. #1, suggesting that he is trying to fit into an exception to the immunity rule, which is that judges may be sued if they act "in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349 (1978). Plaintiff's statement in his complaint is a legal conclusion that I cannot accept as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). The facts he alleges are that defendant should have

2

recused himself from all decisions in plaintiff's appeal (he does not say why), but failed to do so.

In determining whether a judge is entitled to immunity, the question is whether he was acting without *subject matter jurisdiction.* Homola v. McNamara, 59 F.3d 647, 651 (7th Cir. 1995) ("What matters for immunity. . . is subject-matter jurisdiction").  A judge's failure to recuse himself does not fall into this category.  E.g., Guttman v. Khalsa, 446 F.3d 1027, 1034 (10th Cir. 2006); Callahan v. Rendlen, 806 F.2d 795, 796 (8th Cir. 1986).

Plaintiff's allegations are a little different from a simple denial of a motion for recusal because plaintiff alleges that defendant *did* recuse himself and then proceeded to decide certain matters related to the appeal anyway.  Sibley v. Lando, 437 F.3d 1067, 1072 (11th Cir. 2005) (in case involving judicial immunity, court distinguished acts taken before and after judge decided motion for recusal).  The Wisconsin Court System's online docket for the Wisconsin Court of Appeals does not seem to support plaintiff's allegations regarding the history of his appeal, http://wscca.wicourts.gov, but I will assume they are true for the purpose of this opinion.

However, even if I assume that defendant changed his mind on the issue of recusal or entered an order after he recused himself, this does not show that defendant was without subject matter jurisdiction.  Cf. Homola, 59 F.3d at 651  (trial judge entitled to immunity for actions taken after case was appealed).  Rather, plaintiff would have to show that

3

defendant did not have authority to decide criminal appeals as a general matter, which is obviously not the case. E.g., Stump, 435 U.S. at 357 n.7 (example of judge acting in complete absence of jurisdiction would be probate judge trying criminal case). At most, plaintiff's allegations suggest that defendant exceeded his authority, which is not enough to overcome immunity. Tobin for Governor v. Illinois State Bd. of Elections, 268 F.3d 517, 524 (7th Cir. 2001) ("[J]udicial officers are entitled to that immunity even when they act in error, maliciously, or in excess of their authority.").

Even if defendant is not entitled to absolute immunity, plaintiff's claim has another problem that he cannot overcome. The injury he is alleging is the denial of his right to appeal his criminal conviction and be assisted by counsel on appeal. If plaintiff were to prevail on these claims, it would necessarily imply that his conviction is invalid. Under Preiser v. Rodriguez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994), prisoners cannot use 42 U.S.C. § 1983 to challenge their convictions. Rather, if a state prisoner wishes to overturn his conviction in federal court, he must file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. It does not matter that plaintiff seeks damages in his complaint rather than reversal of his conviction. Even if a prisoner is not asking for earlier release as a remedy, a suit under § 1983 is not an option if success on the prisoner's claim would necessarily *imply* that his conviction is invalid. In that case, the prisoner may not seek damages under § 1983 unless "the conviction or sentence has been reversed on direct

4

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487.

In this case, plaintiff *has* filed a petition under § 2254, twice. I denied the first petition on the merits and dismissed the second petition as successive. Vang v. Litscher, 02-cv-298-bbc (W.D. Wis.); Vang v. Hoover, 06-cv-93-bbc (W.D. Wis.). Plaintiff is not entitled to bring an action under § 1983 simply because his other attempts at overturning his conviction have failed.

ORDER

IT IS ORDERED that

1. Plaintiff Da Vang's complaint is DISMISSED for his failure to state a claim upon which relief may be granted.

2. A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

3. Plaintiff is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation under

5

Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's trust fund account until the filing fee has been paid in full.

4. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 25th day of July, 2011.

                                  BY THE COURT:
                                  /s/
                                  BARBARA B. CRABB
                                  District Judge